Entered on Docket
November 25, 2009
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: November 24, 2009

_____
EDWARD D. JELLEN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                    No. 07-42589-EDJ-7
                                         Chapter 7
DEEANNA M. BROSSOIT,

                        Debtor./

### DECISION

Deeanna M. Brossoit, the above debtor ("Brossoit"), has objected to the priority claim in the sum of $16,538 filed herein by attorney Deborah Jo Sandler ("Sandler"). Sandler contends that her claim for certain attorneys' fees Brossoit owes her is a "domestic support obligation" as defined in Bankruptcy Code § 101(14A),[1] and thus is entitled to a first priority pursuant to Bankruptcy Code § 507(a)(1)(A). Brossoit disagrees. The parties have submitted the

---

[1] Unless otherwise stated, all further section references herein are to the Bankruptcy Code, 11 U.S.C. § 101 et. seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA").

Decision

matter to the court for decision,[2] and the court now holds that the debt at issue is not a domestic support obligation. The court will therefore sustain Brossoit's objection.

A. <u>Background</u>

Prior to the filing of her chapter 7 petition herein, Brossoit was a Petitioner in a family law action in the California Superior Court. In March of 2006, the Superior Court appointed Sandler to act as counsel for Brossoit's minor child to represent the child in connection with various custody and visitation issues. The order provided that Sandler's attorneys' fees were to be paid, 50% by Brossoit and 50% by Mark Coons, the Respondent in that action ("Coons").

On July 24, 2007, the Superior Court entered an order providing that each party was to pay half of Sandler's counsel fees. The order further provided that a $60,000 litigation fund was to be created upon sale or refinance of the family residence, 50% of such fund to be paid out of each party's share of the sale or refinance proceeds. Brossoit does not dispute that the Superior Court intended that Sandler was to have access to that fund for payment of her fees.

On August 16, 2007, Brossoit filed a chapter 7 petition. As of that date, the residence had not been sold or refinanced, and thus, the litigation fund was never established.

---

[2]The parties agreed that the court should decide the matter on the record before it, without necessity of an evidentiary hearing.

Decision                          2

Brossoit claimed her interest in the residence as her homestead exemption, without objection. Eventually, the trustee in bankruptcy sold the residence and paid Brossoit a portion of her homestead exemption. Pursuant to order of this court, the trustee withheld $16,538 from the homestead proceeds that would otherwise have been paid to Brossoit, pending resolution of the present controversy.

B. <u>Discussion</u>

Generally, exempt property is not liable for payment of claims in a bankruptcy case. Section 522(c). Section 522(c)(1),[3] however, contains an exception for claims excepted from a debtor's discharge under § 523(a)(5).

Section 523(a)(5) excepts from a debtor's discharge any debt that is a "domestic support obligation."[4]

---

[3]Section 522(c)(1) provides:
(c) Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case, except--
(1) a debt of a kind specified in paragraph (1) or (5) of section 523(a) (in which case, notwithstanding any provision of applicable nonbankruptcy law to the contrary, such property shall be liable for a debt of a kind specified in section 523(a)(5)).

[4]Section 101(14A) defines a "domestic support obligation" as:
a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as
(continued...)

Decision                              3

Section 507(a)(1) creates a priority for

> domestic support obligations that, as of the date of the filing of the petition in a case under this title, are owed to or recoverable by a spouse, former spouse, or child of the debtor, or such child's parent, legal guardian, or responsible relative, without regard to whether the claim is filed by such person or is filed by a governmental unit on behalf of such person . . .

/////

---

[4](...continued)
provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is--
(A) owed to or recoverable by--
(i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
(ii) a governmental unit;
(B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
(C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of-- (i) a separation agreement, divorce decree, or property settlement agreement;
(ii) an order of a court of record; or
(iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
(D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

Decision 4

Thus, if Brossoit's debt to Sandler for her 50% share of Sander's attorneys' fees and costs is a domestic support obligation of the type described in § 507(a)(1), then Sandler is entitled to receive the remaining $16,538 of impounded homestead proceeds. Otherwise, Brossoit is entitled to the funds.

Prior to the enactment of BAPCPA, certain debts for child or spousal support were nondischargeable under pre-BAPCPA § 523(a)(5), and entitled to a seventh priority in payment under pre-BAPCPA § 507(a)(7). With respect to court-awarded fees owing to an attorney on behalf of a spouse or child, it had been fairly well established prior to BAPCPA that the fact that the fees were payable to an attorney rather than "a spouse, former spouse, or child of the debtor" did not preclude a finding that the fees were in the nature of support, and thus, were nondischargeable and entitled to the seventh priority. See, e.g., In re Chang, 163 F.3d 1138, 1141-42 (9th Cir. 1998).

Brossoit argues that pre-BAPCPA cases such as Chang have been overruled by BAPCPA. In re Brooks, 371 B.R. 761 (Bankr. N.D. Texas 2007) so held. Another court, reversing the bankruptcy court decision below, reached the opposite conclusion. Levin v. Greco, 415 B.R. 663 (N.D. Ill. 2009).

Here, the court need not reach this issue. Even assuming, most favorably to Sandler, that BAPCPA did not overrule prior case law with respect to the issue at hand, Brossoit's objection to Sandler's priority claim should be sustained because, as discussed

///

Decision 5

hereinafter, Brossoit's debt to Sandler is not in the nature of support.

In In re Gionis, 170 B.R. 675 (9th Cir. BAP 1994), the court had occasion to discuss when court ordered attorneys' fees should be considered to be in the nature of support. The first non-exclusive factor the court mentioned is need. "Support payments tend to mirror the recipient spouse's need for support." Id. at 682, quoting In re Shaver, 736 F.2d 1314, 1317 (9th Cir. 1984). The second factor the court mentioned is the "intent of the state court." Id. The third factor the court mentioned is "the presence of minor children and an imbalance of in the relative income of the parties." Id. quoting Shaver, 736 F.2d at 1316.

The BAP's discussion in Gionis is consistent with its observation in a prior case, In re Gibson, 103 B.R. 218 (9th Cir. BAP 1989), wherein the court stated that "virtually all of the cases look to the fact that the award of attorney's fees was based upon the need of the recipient spouse or the financial circumstances of the parties in determining that the attorney fees are support." Id. at 221.

Here, there is no indication that need was a consideration of the Superior Court when it ordered that Brossoit would be liable for half of Sandler's fees. Nor is there any indication that there was any imbalance in the parties' incomes that would give one party an unfair litigation advantage in any disputes involving minor children, as was the case in Gionis, 170 B.R. at 679-80. At oral argument, Sandler conceded that neither need nor an imbalance of

Decision 6

incomes was a factor in the Superior Court's decision to require each party to pay half of Sandler's fees.

It is true that on February 13, 2009, after the date of Brossoit's bankruptcy petition, the Superior Court entered Findings and Order after Hearing, paragraph 3 of which states: "With regard to minor's counsel's fees that are pending before the bankruptcy court, the court finds that said fees should be paid in full from the bankruptcy court's resources." This court cannot ascertain how such provision came to be included in the order. But the finding does not state that it was intended as a child or spousal support provision. Nor does it state that Sandler's fees should be entitled to priority over other debts in the bankruptcy case. The finding is not accompanied by any independent findings that would suggest that Sandler's fees are in the nature of support, or that it was intended by the Superior Court as anything other than an indication that the court believed that Sandler should have a valid claim in the bankruptcy case.

In any event, as the parties recognize, the issue of whether Brossoit's debt to Sandler is, or is not, for support is a federal question to be decided by this court. Chang, 163 F.3d at 1140; Gibson, 103 B.R. at 220.

This court's independent review of the Superior Court record submitted herein by the parties provides no indication that Brossoit's debt to Sandler was in the nature of support. Apart from Brossoit's bankruptcy schedules, which contain nothing suggesting that her debt to Sandler is a support debt, the record herein does

Decision 7

not include any detailed information regarding the respective incomes or financial positions of Brossoit and Coons. The above-mentioned provisions that Brossoit and Coons were to each pay one-half of Sandler's fees, suggest that the debt at issue is not a support debt. In a similar vein, the Superior Court ordered each party to pay one-half of the minor's therapy costs[5] and one-half of any appraisal fees, expert fees, and litigation costs.[6] The Superior Court did order Brossoit to pay monthly child support to Coons of $853, subsequently increased to $921 per month,[7] but that appears to have been based on the fact that Coons was awarded custody of their minor child, rather than need.[8] This conclusion is supported by the fact that the Superior Court did not award spousal support to either party.[9]

C. Conclusion

The weight of the evidence before the court showed that Brossoit's debt to Sandler is not a "domestic support obligation" within the meaning of §§ 101(14A) and 507(a)(1)(A). Consequently,

---

[5] Order after Hearing, filed July 24, 2007, paragraph 6c.

[6] Findings and Order after Hearing, filed July 24, 2007, Paragraphs 9 and 10.

[7] Findings and Order after Hearing, filed September 27, 2007, Paragraph 11.

[8] Indeed, in her Memorandum filed herein, Sandler stated that Coons earned more than Brossoit at the time the Superior Court ordered the payment of child support.

[9] Findings and Order after Hearing, filed September 27, 2007, Paragraph 12.

Decision 8

the court will issue its order sustaining Brossoit's objection to
Sandler's claim as a priority claim, and authorizing the payment to
Brossoit of the balance of her homestead exemption.

**END OF ORDER**

Decision 9

COURT SERVICE LIST

Martha J. Simon, Esq.
Law Offices
155 Montgomery Street #1004
San Francisco, CA 94104

Michael J. McQuaid, Esq.
Carr, McClellan, Ingersoll,
    Thompson and Horn
P.O. Box 513
Burlingame, CA 94011

Deborah Jo Sandler, Esq.
Law Office
1981 North Broadway, Suite 40
Walnut Creek, CA 94596

Decision                        10